**Elbert MARTIN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION, AND WELFARE, Defendant.**

**No. Civ. 77–500 Phx. WPC.**

United States District Court, D. Arizona.

Feb. 22, 1978.

Richard A. Gibson of Jerome & Gibson, Phoenix, Ariz., for plaintiff.

George B. Nielsen, Jr., Asst. U. S. Atty., Phoenix, Ariz., for defendant.

MEMORANDUM AND ORDER

COPPLE, District Judge.

This case is before the Court pursuant to Local Rule 11(f) on unnoticed cross-motions for summary judgment. The Court's scope of review of a decision by defendant is limited to the single question of whether or not the findings of the defendant are supported by substantial evidence. *Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971). The Court has reviewed the transcript filed herein.

Plaintiff apparently concedes that his physical impairments alone are not disabling. He contends that he has psychiatric impairments which, considered in combination with his physical impairments, prevent him from engaging in any substantial gainful employment. Unfortunately the psychiatric reports are in conflict. Dr. Yandell, for instance, concluded that plaintiff "was consciously exaggerating his physical symp-

toms". The use of the term "significant functional overlay" in the reports and in plaintiff's brief is of little assistance.

"... the medical nomenclature has been confused and corrupted by another use of the word 'functional', in the sense of psychological or psychogenic alterations of emotional response or behavior. This is not a scientific use of the word. It is more of a philosophical concept than a scientific definition of disease. Physicians often use this term as an evasive tactic to avoid any suggestion to the patient ... that they think the patient's complaints are psychogenic in origin. Along these lines is the favorite phrase in medical reports, that the patient is suffering from a 'functional overlay.'"

3A Gordy-Gray, Attorney's Textbook of Medicine ¶ 80.52(5). The diagnosis of "functional overlay" is little aid to legal analysis. Although pointing out that a patient's complaints may be "mental" in origin, the term does not refer to a specific psychoneurotic disorder. See 20 C.F.R. subpart P, App. 12.00 (Classification of Mental Disorders for Social Security Purposes).

There is substantial evidence in the record to support the decision appealed from. This Court cannot substitute its judgment as to the conflicting evidence for that of the Secretary.

IT IS ORDERED:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted.

3. Defendant will submit a form of judgment for signature by the Court.